1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON
## SEATTLE DIVISION

| | |
|---|---|
| BRANDON LO, individually and on behalf of all others similarly situated,<br><br>       Plaintiff,<br><br>       v.<br><br>ASSURANCE IQ, INC.;<br><br>       Defendant. | Case No.:<br><br>**CLASS ACTION**<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. §§ 227, *ET SEQ*.**<br><br>**JURY TRIAL DEMANDED** |

### INTRODUCTION

1.  Plaintiff, BRANDON LO ("Plaintiff"), brings this Class Action Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of defendant, ASSURANCE IQ, INC. (collectively "Defendant"), in negligently and/or intentionally contacting Plaintiff on Plaintiff's cellular telephone, in violation of the Telephone Consumer Protection Act, 47 U.S.C. §§ 227, *et seq*. ("TCPA"), thereby invading Plaintiff's privacy.

2. Plaintiff alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

3. The TCPA was designed to prevent calls like the ones described within this complaint, and to protect the privacy of citizens like Plaintiff. "Voluminous consumer complaints about abuses of telephone technology – for example, computerized calls dispatched to private homes – prompted Congress to pass the TCPA." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012).

4. In enacting the TCPA, Congress intended to give consumers a choice as to how creditors and telemarketers may call them, and made specific findings that "[t]echnologies that might allow consumers to avoid receiving such calls are not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer. TCPA, Pub.L. No. 102–243, § 11. Toward this end, Congress found that:

> [b]anning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

*Id.* at § 12; *see also Martin v. Leading Edge Recovery Solutions, LLC*, 2012 WL 3292838, at* 4 (N.D. Ill. Aug. 10, 2012) (citing Congressional findings on TCPA's purpose).

5. Congress also specifically found that "the evidence presented to the Congress indicates that automated or prerecorded calls are a nuisance and an invasion of privacy, regardless of the type of call . . ." *Id.* at §§ 12–13. *See also*, *Mims*, 132 S. Ct. at 744.

6. Plaintiff alleges as follows upon personal knowledge as to himself and his own acts and experiences, and as to all other matters, upon information and belief, including investigation conducted by his attorneys.

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

7.  While many violations are described below with specificity, this Complaint alleges violations of the statute in its entirety.

8.  Unless otherwise indicated, the use of any Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subgrogees, representatives, and insurers of each Defendant.

## JURISDICTION AND VENUE

9.  This Court has federal question jurisdiction over this matter because this action arises out of violations of the Telephone Consumer Protection Act, 47 U.S.C. §§ 227, *et seq.*, which is a federal statute.

10. This Court has personal jurisdiction over Defendant because Defendant conducts substantial business within this judicial district. Thus, Defendant has sufficient minimum contacts within this State and district, and otherwise purposefully avails itself of the markets in this State to render the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

11. Venue is proper in the United States District Court for the Western District of Washington pursuant to 28 U.S.C. § 1391 because Defendant's principal place of business is in the County of King, State of Washington, which is within this judicial district; and Defendant is subject to personal jurisdiction by this Court as alleged herein.

## PARTIES

12. Plaintiff is, and at all times mentioned herein, was a citizen and resident of the City of Calabasas, County of Los Angeles, State of California.

13. Plaintiff is, and at all times mentioned herein, was a "person" as defined by 47 U.S.C. § 153(39).

14. Plaintiff is informed and believes, and thereon alleges, that Defendant Assurance IQ, Inc. is, and at all times mentioned herein, was a corporation existing under the laws of the State of Washington.

15. Upon information and belief, at all times mentioned herein, Defendant conducted substantial business within the County of King, State of Washington, which is within this judicial district.

16. Defendant is a "person" as defined under 47 U.S.C. § 153(39).

FACTUAL ALLEGATIONS

17. On or around September 27, 2018, Defendant sent a text message to Plaintiff on Plaintiff's cellular telephone number ending in 8871.

18. The telephonic communication was initiated from an SMS short code displayed as 919-52.

19. The text message read as follows: "Ben, a senior life insurance agent has been assigned to your case and is standing by to review your plan options. Please call them at (844) 864-1768. (Reply STOP to Opt Out)[.]"

20. Plaintiff promptly replied, "Stop[.]"

21. Plaintiff subsequently received the following text message from Defendant: "You are unsubscribed from Assurance Customer Service Notifications alerts. No more messages will be sent. Reply HELP for help or support@assurance.com[.]"

22. Plaintiff does not share his phone or phone number with anyone named "Ben."

23. Defendant did not have prior express consent to contact Plaintiff on Plaintiff's cellular telephone number.

24. Defendant's telephonic communication was not made for an emergency purpose, as defined by 47 U.S.C. § 227(b)(1)(A)(i).

25. Plaintiff does not have an established business relationship with Defendant.

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

26. Upon information and belief, Defendant sent the text using an "automatic telephone dialing system" ("ATDS"), as defined by 47 U.S.C. § 227(a)(1), and prohibited by 47 U.S.C. § 227(b)(1)(A).

27. Upon information and belief, the ATDS used by Defendant has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

28. Upon information and belief, the ATDS used by Defendant also has the capacity to, and does, dial telephone numbers stored as a list or in a database without human intervention.

29. The telephonic communication by Defendant, or its agent(s), violated 47 U.S.C. § 227(b)(1).

30. Defendant's text message was sent to a telephone number assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls and texts pursuant to 47 U.S.C. § 227(b)(1).

31. Through Defendant's aforementioned conduct, Plaintiff suffered an invasion of a legally protected interest in privacy, which is specifically addressed and protected by the TCPA.

32. Plaintiff was personally affected by Defendant's aforementioned conduct because Plaintiff was frustrated and distressed that Defendant interrupted Plaintiff with an unwanted text message using an ATDS.

33. Defendant's telephonic communication forced Plaintiff and other similarly situated class members to live without the utility of their cellular phones by occupying their cellular telephone with one or more unwanted text messages, causing a nuisance and lost time.

34. Defendant's text message to Plaintiff's cellular telephone number was unsolicited by Plaintiff and was sent without Plaintiff's permission or consent.

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

35. Plaintiff is informed and believes, and hereupon alleges that the text was sent by Defendant and/or Defendant's agent(s), with Defendant's permission, knowledge, and control, and for Defendant's benefit.

36. Through the aforementioned conduct, Defendant has violated 47 U.S.C. § 227(b)(1)(A)(iii).

## CLASS ACTION ALLEGATIONS

37. Plaintiff brings this action on behalf of himself and on behalf of all others similarly situated ("the Class").

38. Plaintiff represents, and is a member of the Class, consisting of:

> All persons within the United States who received any text message from Assurance IQ, Inc. and/or any agent or employee thereof, on said person's cellular telephone, through use of any automatic telephone dialing system, within four years prior to the filing of this Complaint.

39. Defendant and its employees or agents are excluded from the Class. Plaintiff does not know the number of members in the Class, but believes the Class members number in the several hundreds or thousands, if not more. Thus, this matter should be certified as a Class action to assist in the expeditious litigation of this matter.

40. Plaintiff and members of the Class were harmed by the acts of Defendant in at least the following ways: Defendant, either directly or through its agents, illegally contacted Plaintiff and the Class members on their cellular telephones using an ATDS, thereby causing Plaintiff and the Class members to incur certain cellular telephone charges or reduce cellular telephone time for which Plaintiff and the Class members previously paid, and by invading the privacy of said Plaintiff and the Class members. Plaintiff and the Class members were damaged thereby.

41. This suit seeks only damages and injunctive relief for recovery of economic injury on behalf of the Class, and it expressly is not intended to request any

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

recovery for personal injury and claims related thereto. Plaintiff reserves the right to expand the Class definition to seek recovery on behalf of additional persons as warranted, as facts are learned during further investigation and discovery.

42. The joinder of the Class members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the court. The Class can be identified through Defendant's records or Defendant's agents' records.

43. There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented. The questions of law and fact to the Class predominate over questions which may affect individual Class members, including the following:

a) Whether, within the four years prior to the filing of this Complaint, Defendant or its agents placed any telephonic communication to any telephone number assigned to a cellular phone service using an automatic dialing system, without the prior express consent of the called party, and for a purpose other than an emergency;

b) Whether Defendant can meet its burden in showing that Defendant obtained prior express consent;

c) Whether Defendant's conduct was knowing and/or willful;

d) Whether Plaintiff and the Class members were damaged thereby, and the extent of damages for such violation; and

e) Whether Defendant and its agents should be enjoined from engaging in such conduct in the future.

44. As a person that received at least one telephonic communication from Defendant using an ATDS without prior express written consent, Plaintiff is asserting claims that are typical of the Class. Plaintiff will fairly and

adequately represent and protect the interests of the Class in that Plaintiff has no interests antagonistic to any member of the Class.

45. Plaintiff and the members of the Class have all suffered irreparable harm as a result of Defendant's unlawful and wrongful conduct.   Absent a class action, the Class will continue to face the potential for irreparable harm.   In addition, these violations of law will be allowed to proceed without remedy and Defendant will likely continue such illegal conduct.   Because of the size of the individual Class members' claims, few, if any Class members could afford to seek legal redress for the wrongs complained of herein.

46. Plaintiff has retained counsel experienced in handling class action claims, and specifically, claims involving violations of the Telephone Consumer Protection Act.

47. A class action is a superior method for the fair and efficient adjudication of this controversy.   Class-wide damages are essential to induce Defendant to comply with federal law.   The interest of Class members in individually controlling the prosecution of separate claims against Defendant is small because the maximum statutory damages in an individual action for violation of privacy are minimal.   Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.

48. Defendant has acted on grounds generally applicable to the Class, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to the Class as a whole.

### FIRST CAUSE OF ACTION FOR
### NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
### 47 U.S.C. §§ 227, *ET SEQ.*

49. Plaintiff repeats, re-alleges, and incorporates by reference, all of the above paragraphs of this Complaint as though fully stated herein.

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

50. The foregoing acts and omissions by Defendant constitute numerous negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. §§ 227, *et seq.*

51. As a result of Defendant's negligent violations of the TCPA, Plaintiff and the putative Class members are each entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

52. Plaintiff and the putative Class are further entitled to and seek injunctive relief prohibiting such conduct by Defendant in the future.

**SECOND CAUSE OF ACTION FOR**
**KNOWING AND/OR WILLFUL**
**VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT**
**47 U.S.C. §§ 227, *ET SEQ.***

53. Plaintiff repeats, re-alleges, and incorporates by reference, all of the above paragraphs of this Complaint as though fully stated herein.

54. The foregoing acts and omissions by Defendant constitute numerous knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. §§ 227, *et seq.*

55. As a result of Defendant's knowing and/or willful violations of the TCPA, Plaintiff and the putative Class members are each entitled to an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B)&(C).

56. Plaintiff and the putative Class are further entitled to and seek injunctive relief prohibiting such conduct by Defendant in the future.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, on behalf of himself and the putative Class, prays for judgment as follows against Defendant:

- that this action be certified as a Class Action;

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

- that Plaintiff be appointed as the Class Representative;
- that Plaintiff's attorneys be appointed as Class Counsel;
- that Defendant be enjoined from continuing the wrongful conduct alleged herein and be required to comply with all applicable laws; and
- that Plaintiff and each of the putative Class members recover their costs of suit.

In addition, Plaintiff and the putative Class members pray for further judgment as follows against Defendant:

### NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
### 47 U.S.C. §§ 227, *ET SEQ.*

- As a result of Defendant's negligent violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for himself and each member of the putative Class $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B);
- injunctive relief prohibiting such conduct in the future, pursuant to 47 U.S.C. § 227(b)(3)(A); and
- any other such relief as the Court may deem just and proper.

### KNOWING AND/OR WILLFUL VIOLATIONS OF
### THE TELEPHONE CONSUMER PROTECTION ACT
### 47 U.S.C. §§ 227, *ET SEQ.*

- As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for himself and each member of the putative Class $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B);
- injunctive relief prohibiting such conduct in the future, pursuant to 47 U.S.C. § 227(b)(3)(A); and
- any other such relief as the Court may deem just and proper.

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

1

### TRIAL BY JURY

2   57. Pursuant to the Seventh Amendment to the Constitution of the United States

3      of America, Plaintiff is entitled to, and hereby demands, a trial by jury.

4

5   Dated:  December 26, 2018                Respectfully Submitted,

6

7                                           **KAZEROUNI LAW GROUP, APC**

8

9                                           /s/Ryan L. McBride
                                            Ryan L. McBride #50751
10                                          ryan@kazlg.com
                                            **Kazerouni Law Group, APC**
11                                          2633 E. Indian School Road, Ste. 460
12                                          Phoenix, AZ 85016
                                            Telephone: (800) 400-6808
13                                          Facsimile:  (800) 520-5523

14

15                                          /s/Abbas Kazerounian
                                            Abbas Kazerounian #48522
16                                          ak@kazlg.com
                                            **Kazerouni Law Group, APC**
17                                          245 Fischer Ave., Suite D1
18                                          Costa Mesa, CA 92626
                                            P: (800) 400-6808
19                                          F: (800) 520-5523

20

21                                          /s/Joshua B. Swigart
                                            Joshua B. Swigart, Esq. #49422
22                                          josh@westcoastlitigation.com
                                            **Hyde & Swigart**
23                                          2221 Camino Del Rio S., #101
24                                          San Diego, CA 92108
                                            Telephone: (619) 233-7770
25                                          Facsimile:  (619) 297-1022

26

27                                          Attorneys for Plaintiff

28

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626